UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOE,

    **Plaintiff,**

    v.

UNITED STATES DEPARTMENT OF
THE NAVY,

    **Defendant.**

Civil Action No. 24-3403 (JEB)

**MEMORANDUM OPINION AND ORDER**

In this *pro se* lawsuit, Plaintiff John Doe apparently seeks information from the United States Navy about why it did not permit him to join its ranks as an officer. See ECF No. 1 (Compl.) at 4. Plaintiff moves here to proceed pseudonymously, see ECF No. 5 (Mot.), but he falls well short of the detailed showing required to overcome the presumption in favor of disclosure. The Court will therefore deny the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

**I.    Legal Standard**

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1), 11.1. That requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal

1

Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

## II. Analysis

Even at this early stage, Plaintiff has not met his burden of showing that his privacy interests outweigh the public's presumptive and substantial interest in learning his identity.  The Court will address each factor in turn.

Doe misses the mark on the first factor, which the Court must conclude supports disclosure.  He points to the (alleged) fact that the Navy declined to share certain information regarding its assessment of him on the ground that doing so would infringe on the confidentiality that is integral to aspects of the Navy's recruitment and selection process.  See Mot. at 1.  Even if the Navy communicated as much to Doe, it would be of no help to him here.  As he

acknowledges, such confidentiality ostensibly arises from a need to preserve "the integrity of future officer selection processing." Id. (describing Navy's confidentiality concern as "national security matter"). But under the first factor, the Court must consider whether this lawsuit would bear on the kind of "sensitive and highly personal" information about him or other individuals that can weigh in favor of pseudonymity. In re Sealed Case, 971 F.3d at 326–27 (citation omitted) (emphasis added) (listing as examples "sexual activities," "medical concerns," or "identity of abused minors"). Doe nowhere identifies any such information.

He runs aground on the second factor, too. He offers only conclusory and attenuated claims for why bringing this lawsuit would trigger "a risk of retaliatory physical or mental harm." Id. at 326 (citation omitted). He contends that because he is a "nonwhite" "minority," "[t]here are white supremacists in the country" who would wish him harm, and he "cannot afford any private security service nor do[es] [he] know Kung Fu [for] self defense." Mot. at 2. But that "claim[] of impending retribution" is far "too bare and attenuated." Doe v. Chutkan, No. 24-3470, ECF No. 4 (Mem. Op.) at 4 (D.D.C. Dec. 17, 2024); see John Doe Co. No. 1 v. CFPB, 195 F. Supp. 3d 9, 22 (D.D.C. 2016) (finding second factor weighs in favor of disclosure when claims are "speculative and unsubstantiated") (citation omitted). Similarly unavailing is Doe's claim that he faces a threat given the rate of suicides among military veterans, see Mot. at 2, not least because his lawsuit is predicated on the fact that he was denied the chance to become a veteran.

Plaintiff does not assert that the lawsuit would bear on the privacy interests of any minors, see In re Sealed Case, 971 F.3d at 326 (citation omitted), so the third factor also supports disclosure. See Doe v. Burns, No. 23-2937, ECF No. 7 (Mem. Op.) at 6 (D.D.C. Oct. 5, 2023).

The fourth factor meanwhile lends a bit of wind to Doe's sails. Anonymous litigation can be appropriate when a plaintiff sues the government seeking "individualized relief," Doe v. PCAOB, 2024 WL 3954189, at *3–4 (D.D.C. Aug. 2, 2024); see Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024). And that, as far as the Court can determine, is Doe's aim. He apparently seeks additional information about his assessment that was not included in earlier records provided to him pursuant to the Freedom of Information Act. See Compl. at 4. The fourth factor thus weighs in favor of permitting Doe to proceed pseudonymously.

So, too, does the fifth and final factor. This factor is "not implicated" when a defendant knows the plaintiff's identity. In re Sealed Case, 971 F.3d at 326 n.1. Doe has provided his identity under seal to the Clerk, see ECF No. 3 (Notice) at 1, and affirms that he is "willing to identify [himself] privately" to the Navy. See Mot. at 2.

In sum, while the fourth and fifth factors support the Motion, Doe offers no convincing argument for why anonymity is necessary to protect either his sensitive personal information or his physical and mental wellbeing. The Court therefore must conclude that he has not met his burden of showing that the public's presumptive "interest in knowing the identity of litigants" has been rebutted. Doe v. DHS, 2022 WL 1210689, at *3 (D.D.C. Mar. 14, 2022).

### III. Conclusion

The Court accordingly ORDERS that:

1. Plaintiff's [5] Motion for Leave to File Under Pseudonym is DENIED;
2. Within fourteen days of the Court's Order, Plaintiff shall file a Notice advising the Clerk of the Court whether he wishes to proceed with filing the

Complaint on the public docket using his real name, and, if so, shall also file his [5] Motion on the public docket; and

3. If Plaintiff does not file such Notice within fourteen days, the Clerk is directed to terminate the case.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: January 2, 2025

5