UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF THE NAVY,<br><br>    Defendant. | Civil Action No. 24-3403 (JEB) |

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff John Doe is suing the United States Navy for information on why it did not permit him to join as an officer. See ECF No. 1 (Compl.) at 4. In its prior Memorandum Opinion and Order, the Court denied Doe's request to proceed under a pseudonym. See ECF No. 7 (Mem. Op.). He now asks this Court to reconsider that determination. See ECF No. 8 (Recon. Mot.) at 1. The Court will deny the Motion.

**I.    Legal Standard**

Federal Rule of Civil Procedure 54(b) applies to orders that "may be revised at any time." See Doe, Inc. v. Roe, 2021 WL 3622166, at *1 (D.D.C. June 3, 2021) (reviewing motion to reconsider denial of motion to proceed under pseudonym under Rule 54(b)). Relief may be granted pursuant to Rule 54(b) "as justice requires," a standard that may be met where, for example, the court "has patently misunderstood" the parties, strayed far afield of the issues presented, or failed to consider "a controlling or significant change in the law or facts . . . since the submission of the issue." Cobell v. Norton, 224 F.R.D. 266, 272 (D.D.C. 2004) (quoting Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990)). A

1

court's discretion under Rule 54(b), however, is "limited by the law of the case doctrine and subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." Singh v. George Wash. Univ., 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (internal quotation marks omitted) (quoting In re Ski Train Fire in Kaprun, Austria, on Nov. 11, 2004, 224 F.R.D. 543, 546 (S.D.N.Y. 2004)).

## II.   Analysis

In his initial motion, Plaintiff prevailed on factors four and five of the five-factor inquiry from In re Sealed Case, 971 F.3d 324 (D.C. Cir. 2020), so his current Motion — and subsequently this Opinion —addresses only the remaining three factors.

On the first, Doe claims that there are personal medical concerns regarding why he was not given a medical waiver that are pertinent to the case. See Recon. Mot. at 1–2; see also Compl. at 4–5. This is an argument that Plaintiff did not raise in his first motion, see ECF No. 5 (Mot.) at 1–2, but that aligns with the types of issues, such as those that would be "potentially embarrassing, traumatic, or that otherwise impede on an individual's personal life," that this factor is meant to cover. See Doe v. Austin, 2024 WL 864197, at *3 (D.D.C. Feb. 29, 2024). This factor thus weighs in favor of granting the Motion.

Plaintiff fares worse with the second factor, however. He contends that this case implicates retaliation concerns, again citing veteran-suicide rates, which were mentioned in his original motion and denied. See Recon. Mot. at 2–3; Mot. at 1–2; Mem. Op. at 3. He goes on to discuss recent violence committed by veterans, such as the New Orleans and Las Vegas attacks that occurred on New Year's Day. See Recon. Mot. at 2–3. Plaintiff's argument is unclear, but it seems that he is claiming that there is a risk that he could die by suicide or hurt others if he is

forced to proceed under his own name.  Courts have typically considered the psychological trauma an individual may face if identified under this factor.  See, e.g., Doe v. Cabrera, 307 F.R.D. 1, 6 (D.D.C. 2014) ("Were the Court to force the plaintiff to reveal her identity, the Court would risk undermining the psychological treatment the plaintiff has already undergone since the alleged incident and potentially retard the progress the plaintiff has made.").  In such cases, however, the plaintiff has also faced a risk of retaliation from others if he were to proceed under his own name.  See, e.g., id.  As Doe has failed to plead such a risk, this factor does not weigh in his favor.

Plaintiff also misses the mark on the third factor.  He puzzlingly asserts that even though he is an adult, the Court should consider him to be a minor because he immigrated to this country less than 18 years ago.  See Recon. Mot. at 3.  This factor, however, is aimed at protecting children, not adults who are relatively new citizens.  See Cabrera, 307 F.R.D. 1 at 7 ("Where victims are not minors, courts are generally less inclined to let the alleged victim proceed in litigation under a pseudonym.").  Indeed, even when plaintiffs have just turned 18 and are still "young, vulnerable college students," this factor still does not weigh in their favor.  See Doe 1 v. George Wash. Univ., 369 F. Supp. 3d 49, 66 (D.D.C. 2019).

While factor one now weighs slightly in favor of Doe's proceeding pseudonymously, the risk of harm to Plaintiff and others is still vague and not outweighed by "countervailing interests in full disclosure."  In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019).  The Court accordingly ORDERS that Plaintiff's [8] Motion for Reconsideration is DENIED.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: January 13, 2025