UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>   Plaintiff,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF<br>THE NAVY,<br><br>   Defendant. | Civil Action No. 24-3403 (JEB) |

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff John Doe is suing the United States Navy for information on why it did not permit him to join as an officer. See ECF No. 1 (Compl.) at 4. This Court has twice denied Doe's requests to proceed under a pseudonym. See ECF Nos. 7 (Mem. Op.); 9 (Second Mem. Op.). He now asks this Court to reconsider its determination. See ECF No. 10 (Second Recon. Mot.). The third time being the charm, the Court will grant the Motion.

**I.    Legal Standard**

Federal Rule of Civil Procedure 54(b) applies to orders that "may be revised at any time." See Doe, Inc. v. Roe, 2021 WL 3622166, at *1 (D.D.C. June 3, 2021) (reviewing Rule 54(b) motion to reconsider denial of motion to proceed under pseudonym). Relief may be granted pursuant to Rule 54(b) "as justice requires," a standard that may be met where, for example, the court "has patently misunderstood" the parties, strayed far afield of the issues presented, or failed to consider "a controlling or significant change in the law or facts . . . since the submission of the issue." Cobell v. Norton, 224 F.R.D. 266, 272 (D.D.C. 2004) (quoting Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990)). A court's discretion under

1

Rule 54(b), however, is "limited by the law of the case doctrine and subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." Singh v. George Wash. Univ., 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (internal quotation marks omitted) (quoting In re Ski Train Fire in Kaprun, Austria, on Nov. 11, 2004, 224 F.R.D. 543, 546 (S.D.N.Y. 2004)).

## II.   Analysis

In his initial motion, Plaintiff prevailed on factors four and five of the five-factor inquiry from In re Sealed Case, 971 F.3d 324, 326–37 (D.C. Cir. 2020), which determines grants of pseudonymity. See Mem. Op. at 4. He submitted a motion for reconsideration with additional information addressing the remaining factors. See ECF No. 8 (Recon. Mot.). The Court denied that Motion because, although Plaintiff had satisfied the first factor in addition to factors four and five, he had fallen short on factors two and three. See Second Mem. Op. at 3. Doe now asks this Court to reconsider those determinations. See Second Recon. Mot. Given that Plaintiff has already prevailed on the first, fourth, and fifth factors, this Opinion addresses only the second and third.

The second favors pseudonymity where either a party or "innocent non-parties" would face the "risk of retaliatory physical or mental harm" upon disclosure. See In re Sealed Case, 971 F.3d at 326. Situations where pseudonymity would be favored include those where a plaintiff and his "loved ones" face "threats of retaliation" from a foreign government. See J.K.A. and T.B.F. v. United States, No. 23-2273, ECF No. 7 (Mem. Op.) at 4 (D.D.C. Aug. 10, 2023); Doe v. U.S. Dep't of State, 2015 WL 9647660, at *3 (D.D.C. Nov. 3, 2015) ("Allowing Doe to file pseudonymously will help to conceal his work with the U.S.-led reconstruction efforts [in Iraq] and protect his wife and minor child from the anti-U.S. insurgents."). Plaintiff, for the first

2

time, points to the combination of his immigration from "one of the countries that is deemed America's adversary" with his occupation as a "freelance journalist" as cause for fear of retaliation from his birth country if his name were disclosed. See Second Recon. Mot. at 3. Specifically, Plaintiff states that he "and/or" his loved ones who remain in his birth country would be "subject to torture, if not the death penalty, by their birth country, should they be exposed." Id. at 4. Plaintiff also asserts that he is experiencing "mental harm" as a result of his exclusion from the "conservative and testosterone-filled 'warrior' culture" within the U.S. military. Id. at 3. While these vague allegations of mental harm are insufficient, Plaintiff's assertion that he and his family members risk retaliatory harm from his home country if exposed is enough for him to prevail under the second factor.

As to the third factor, "the ages of the persons whose privacy interests are sought to be protected," In re Sealed Case, 971 F.3d at 326, Plaintiff states that his minor "extended cousins" face the risk of retaliatory harm from the government of Plaintiff's birth country. See Second Recon. Mot. at 4. Plaintiff does not clarify the strength of these family ties nor the potential danger that these cousins may face as a result of those ties. While a court may "consider[]" in its analysis the minor status of familial non-parties, such as "concerns over [the plaintiffs'] and other children's safety and welfare," the relationships here are too attenuated to succeed under the third factor. See M.A. v. Mayorkas, 2023 WL 5321924, at *3 (D.D.C. July 6, 2023).

As Plaintiff has now prevailed on four of the five factors, the Court concludes that he has satisfied his burden and may proceed pseudonymously.

**III.   Conclusion**

The Court accordingly ORDERS that:

3

1. Plaintiff's [10] Motion to Reconsider is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action; and

3. Within fourteen days of this Order, Plaintiff shall file on the public docket:

    i.  A pseudonymous version of his [10] Motion and any attachments; and

    ii. A sealed declaration containing his real name and residential address.

/s/ James E. Boasberg
JAMES E. BOASBERG
Chief Judge

Date: January 27, 2025