UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOE,

     *Plaintiff*,

v.

DEPARTMENT OF THE NAVY,

     *Defendant*.

Civil Action No. 24-3403 (LLA)

# ORDER

Upon consideration of Plaintiff's Motion for Reconsideration, ECF No. 12, as to his Motion to File Document Under Seal, ECF No. 3, it is hereby **ORDERED** that the motion is **GRANTED**.[1]

"To determine whether justice requires reconsideration of an interlocutory decision, courts look to whether the moving party has demonstrated '(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order.'" *United States v. All Assets Held at Bank Julius, Baer & Co., Ltd.*, 315 F. Supp. 3d 90, 96 (D.D.C. 2018) (quoting *Klayman v. Judicial Watch, Inc.*, 296 F. Supp. 3d 208, 213 (D.D.C. 2018)).

The court (Boasberg, J.) denied Plaintiff's original motion to file under seal because Plaintiff had not "address[ed] the six-factor inquiry that applies to motions to seal court records"

---

[1] While Plaintiff's original motion and any attachments remain sealed, Judge Boasberg's publicly viewable January 27, 2025 Minute Order states that the motion in question was a Motion to File Document Under Seal. Given this disclosure, as well as the fact that Plaintiff's Motion for Reconsideration was filed on the public docket, the court will refer to the arguments in Plaintiff's Motion for Reconsideration and the name of the underlying motion publicly. It will not, however, disclose any information that appears in the sealed motion.

set forth in *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980).  *See* Jan. 27, 2025 Minute Order.  The court instructed Plaintiff to "file either a new Motion that addresses the factors identified in *Hubbard* or a Notice advising the Clerk of the Court whether he wishes to proceed with filing his documents on the public docket."  *Id.*  The court construes Plaintiff's motion for reconsideration as a "new [m]otion that addresses the factors identified in *Hubbard*."

"The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings."  *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)).  A party can overcome this presumption and seal court records by satisfying the six *Hubbard* factors: (1) "the need for public access to the documents at issue"; (2) "the extent of previous public access to the documents"; (3) "whether someone has objected to disclosure, and the identity of that person"; (4) "the strength of any property and privacy interests asserted"; (5) "the possibility of prejudice to those opposing disclosure"; and (6) "the purposes for which the documents were introduced during the judicial proceedings."  650 F.2d at 317-22.

Plaintiff sufficiently addresses each factor in his motion for reconsideration.  ECF No. 12.  In particular, the court places significant weight on Plaintiff's argument that "the documents provided by Plaintiff . . . could potentially be reconstructed by enemies, domestic and foreign, to unmask the plaintiff's identity to hurt them and their loved ones."  *Id.* at 1.  The court accordingly **ORDERS** that Plaintiff's motion for reconsideration is **GRANTED** and ECF No. 3-1 shall be placed under seal.[2]

---

[2] Mr. Doe has not sought to seal the entire case, and there is no basis for doing so.  In the event he wishes to file additional documents under seal, he will have to file a motion that complies with Local Civil Rule 5.1(h) and addresses the *Hubbard* factors as they pertain to the documents he wishes to have placed under seal.

**SO ORDERED.**

_/s/ L. Alikhan_

LOREN L. ALIKHAN
United States District Judge

Date:   February 14, 2025