UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOE,

     *Plaintiff*,

v.

DEPARTMENT OF THE NAVY,

     *Defendant*.

Civil Action No. 24 - 3403 (LLA)

**MEMORANDUM OPINION AND ORDER**

Plaintiff John Doe, proceeding pro se and under a pseudonym, brings this action against the Department of the Navy, alleging violations of the Freedom of Information Act, 5 U.S.C. § 552, and the First Amendment. ECF No. 1. Before the court are the Navy's motion to dismiss, or, in the alternative, for a more definite statement, ECF Nos. 25, 26, and Mr. Doe's renewed motion to file under seal, ECF No. 33. For the reasons explained below, the court will grant the Navy's motion to dismiss but permit Mr. Doe to file an amended complaint within thirty days, and it will deny Mr. Doe's motion to file under seal.

    **I.**    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The following factual allegations drawn from Mr. Doe's complaint, ECF No. 1, and from the exhibits attached to his opposition, ECF Nos. 28-1 to 28-5, are accepted as true for the purpose of evaluating the motion before the court. *Jerome Steves Pharms., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1250 (D.C. Cir. 2005). In 2022, Mr. Doe submitted two FOIA requests to the Navy. *See* ECF Nos. 28-2, 28-3. The first request, submitted in July 2022, sought "records concerning [his] application for a commission into the United States Navy and the process by

which [his] application was considered." ECF No. 28-2, at 1.[1]  Mr. Doe specifically requested his interview appraisal sheet, "any relevant decision analysis by the so-called Board, and other candid assessment report by the interviewers."  *Id.*  The Navy granted the request in part, informing Mr. Doe that it would release his interview appraisal sheet, subject to redactions under FOIA Exemption 6.[2]  *Id.*  The Navy determined, however, that materials regarding the "relevant decision analysis" would be withheld under Exemption 5.[3]  *Id.*  Mr. Doe appealed this decision in November 2022, and his appeal was denied as untimely and for failure to state any basis for an appeal.  *Id.* at 2.  Mr. Doe appealed that decision again in January 2024, and the Navy responded that requesters may not seek multiple appeals of the same determination.  *Id.*

Mr. Doe's second FOIA request, submitted in December 2022, sought "documents that could explain why [his] medical waiver . . . could finally be approved this February 2022, but not back in 2015-2018."  ECF No. 28-3, at 1.  The following month, the Navy responded that a "thorough search was conducted" but "no documentation was found."  *Id.*  Mr. Doe appealed this determination, claiming that "there should have been so much nuance and paperwork (incl. emails) behind this medical waiver process" and that the Navy had mischaracterized his request.  *Id.* at 6.  The Navy denied his appeal, explaining that Mr. Doe "merely . . . disagree[d] with the [Navy's] characterization of certain portions of [his] request" and failed to identify why the appeal should

---

[1] When citing Mr. Doe's filings, the court refers to the CM/ECF-generated numbers at the top of each page rather than any internal pagination.

[2] Exemption 6 permits an agency to withhold "personnel . . . [,] medical . . . [,] and similar files[,] the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).

[3] Exemption 5 carves out "intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency."  5 U.S.C. § 552(b)(5).

be granted.  *Id.* at 6-7.  The Navy also stated that its search for responsive records had been adequate.  *Id.* at 7-8.

  Mr. Doe filed this action in November 2024, invoking FOIA and the First Amendment.  ECF No. 1, at 3.  He alleges that the Navy provided the interview appraisal sheet related to his "naval officer commission application for Public Affairs Officer and Supply Corps Officer" but withheld the "relevant decision analysis by the so-called Board, and other candid assessment report by the interviewers . . . by citing foreseeable harm."  *Id.* at 4.  Mr. Doe claims that these withheld materials were "cited" in the interview appraisal sheet, so their withholding "may violate the legal basis on 'adoption and final incorporation.'"  *Id.*  With respect to his second request, Mr. Doe alleges that he obtained his medical waiver in an earlier FOIA case, casting doubt on the Navy's response that it "couldn't find anything" after performing an "adequate search."  *Id.*  Finally, Mr. Doe alleges that he is a "freelance journalist," attempting to exercise his "freedom of the press constitutional rights" and write a memoir about his "American journey."  *Id.* at 5.  Mr. Doe seeks "the court's permission to compel discovery, incl[uding] interrogatory and production of documents."  *Id.*

  Mr. Doe was permitted to proceed under pseudonym, ECF No. 11, and the case was randomly assigned to the undersigned, *see* Jan. 27, 2025 Docket Entry.  In June 2025, the Navy moved to dismiss pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6), or, in the alternative, for a more definite statement pursuant to Rule 12(e).  ECF Nos. 25, 26.  The next day, Mr. Doe filed an opposition.  ECF Nos. 27, 28.  Because Mr. Doe filed his opposition before the court had an opportunity to advise him of his obligations under *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988), and *Neal v. Kelly*, 963 F.2d 453, 456-57 (D.C. Cir. 1992), the court issued a *Fox*/*Neal* order and allowed him to amend or refile his opposition.  ECF No. 29.

Mr. Doe did not supplement his opposition and instead filed a sealed motion for leave to file exhibits under seal. ECF No. 30.[4] The court denied the motion without prejudice for failure to address the six-factor inquiry that applies to motions to seal court records. June 24, 2025 Minute Order; *see United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). That same day, Mr. Doe filed another sealed motion to file documents under seal, ECF No. 31, which the court again denied, July 9, 2025 Minute Order. The court advised Mr. Doe that the majority of the documents he sought to seal had been on the public docket for several weeks and that he must address the *Hubbard* factors "[e]very single time that [he] wishes for documents to be filed under seal." July 9, 2025 Minute Order. In September, Mr. Doe filed a renewed motion to file documents under seal. ECF No. 33.[5]

## II.   LEGAL STANDARDS

### A.   Federal Rule of Civil Procedure 8(a)

Federal Rule of Civil Procedure 8(a) requires that a complaint include: (1) "a *short* and *plain* statement of the grounds for the court's jurisdiction," (2) "a *short* and *plain* statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3) (emphases added); *see* Fed. R. Civ. P. 8(d)(1) (requiring "simple, concise, and direct" allegations). These rules ensure that the defendant has "notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint that is "excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material,"

---

[4] The Navy did not file a reply in support of its motions.

[5] Mr. Doe's renewed motion to file under seal, ECF No. 33, fails to address the *Hubbard* factors and is accordingly denied.

or one that "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments," fails to meet Rule 8's pleading standards. *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017) (quoting *T.M. v. District of Columbia*, 961 F. Supp. 2d 169, 174 (D.D.C. 2013)), *aff'd sub nom.*, *Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).

### B.  Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), the court will dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion under Rule 12(b)(6), a court accepts all well-pleaded factual allegations in the complaint as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009). Although the plausibility standard does not require "detailed factual allegations," it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will "'naked assertion[s]' devoid of 'further factual enhancement'" suffice. *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

### C.  Federal Rule of Civil Procedure 12(e)

Federal Rule of Civil Procedure 12(e) permits a court to order "a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that

or one that "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments," fails to meet Rule 8's pleading standards. *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017) (quoting *T.M. v. District of Columbia*, 961 F. Supp. 2d 169, 174 (D.D.C. 2013)), *aff'd sub nom.*, *Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).

### B.  Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), the court will dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion under Rule 12(b)(6), a court accepts all well-pleaded factual allegations in the complaint as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009). Although the plausibility standard does not require "detailed factual allegations," it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will "'naked assertion[s]' devoid of 'further factual enhancement'" suffice. *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

### C.  Federal Rule of Civil Procedure 12(e)

Federal Rule of Civil Procedure 12(e) permits a court to order "a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that

the party cannot reasonably prepare a response."  A Rule 12(e) motion is appropriate when "a pleading fails to specify the allegations in a manner that provides sufficient notice."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).  Generally, "the basis for requiring a more definite statement under Rule 12(e) is unintelligibility, not mere lack of detail."  *Thorp v. District of Columbia*, 309 F.R.D. 88, 90 (D.D.C. 2015) (quoting *Burnett v. Al Baraka Inv. & Dev. Corp.*, 274 F. Supp. 2d 86, 110 (D.D.C. 2003)).  Indeed, "a plaintiff need not allege all the facts necessary to prove [his] claim so long as [he] provides enough factual information to make clear the substance of that claim."  *Wilson v. Gov't of D.C.*, 269 F.R.D. 8, 12 (D.D.C. 2010) (quoting *Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1086 (D.C. Cir. 1998)).

### D.     Pro Se Litigants

When a plaintiff is pro se, the court will "liberally construe[]" his filings.  *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 492 U.S. 97, 106 (1976)).  Nevertheless, a pro se plaintiff must follow the Federal Rules of Civil Procedure.  *Garlington v. D.C. Water & Sewer Auth.*, 62 F. Supp. 3d 23, 24 (D.D.C. 2014).  In assessing whether dismissal is warranted, a court considers all of a pro se litigant's filings, including attachments and any opposition filed.  *See Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 151-52 (D.C. Cir. 2015).

### III.    DISCUSSION

FOIA requires an agency to release nonexempt records if it receives a request that "(i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed."  5 U.S.C. § 552(a)(3)(A).  FOIA empowers district courts to enjoin an "agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  *Id.* § 552(a)(4)(B).

Accordingly, the elements of a FOIA claim are (1) "improperly;" (2) withheld;" (3) "agency records." *Id.*; *see Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980).

The Navy argues that Mr. Doe's complaint fails to comply with the pleading standards of Federal Rule of Civil Procedure 8, as it contains no allegations of "when [his FOIA] requests were submitted, the subject matter of the requests, or the file numbers assigned to the requests." ECF No. 25, at 4. The court agrees. Mr. Doe's complaint does not identify the FOIA requests at issue in his claims. While he attaches exhibits containing his requests to his opposition, ECF Nos. 28-2 to 28-5; *see* ECF No. 28-1 (email from Mr. Doe to the Navy's counsel identifying three FOIA requests), his pleadings taken as a whole are nevertheless devoid of factual allegations to reasonably allow the Navy to respond to the claims against it.

To begin, Mr. Doe appears to argue that the Navy unlawfully withheld records relating to the denial of his naval officer commission application. ECF No. 1, at 4. He asserts that the Navy "may [have] violated[d] the legal basis on 'adoption and final incorporation,'" *id.*, but he does not explain how such a violation supports a cause of action under FOIA. Nor does he state facts showing that the Navy violated a rule of "adoption and final incorporation," assuming any such rule exists. With respect to his request for records about "why [his] medical waiver was granted after all," Mr. Doe alleges that the Navy told him that "an adequate search was performed, but [it] couldn't find anything, despite [Mr. Doe's] hav[ing] the waiver from an earlier different FOIA case." *Id.* Mr. Doe does not state how this entitles him to relief, which fails to put the Navy on notice of what claims are being asserted. Assuming that Mr. Doe challenges the adequacy of the Navy's search for records relating to his medical waiver, he alleges no facts to support such a claim. *See Brown v. Wash. Metro. Area Transit Auth.*, 164 F. Supp. 3d 33, 35 (D.D.C. 2016) (dismissing a complaint for failure to explain "the cause of action under which [the plaintiff]

7

sue[d], or any facts that could plausibly support a claim for relief"). Mr. Doe's First Amendment claim fares similarly. There, Mr. Doe asserts that he is exercising his "freedom of the press constitutional rights" in order to obtain the requested records, but he does not advance any factual allegations explaining how the Navy violated his First Amendment rights. ECF No. 1, at 5.

Mr. Doe's opposition does not remedy these defects. In it, Mr. Doe repeats the assertions in his complaint that the Navy's search for records related to his medical waiver turned up no results, but he does not state whether (and if so, why) the search failed to comply with FOIA. Mr. Doe also speculates that the documents he requested may have been destroyed or that the Navy's motion to dismiss is a "delaying tactic." ECF No. 28, at 1. Such statements are "'naked assertions[s]' devoid of 'further factual enhancement" that the court need not credit. *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 544).[6]

Mr. Doe's pleadings also contain various references to current events and pop culture that "are entirely divorced from [any] legal claims that [he] assert[s]." *Jiggetts*, 319 F.R.D. at 416; *see* ECF No. 1, at 5 (discussing Secretary of Defense Pete Hegseth); ECF No. 28, at 3 (listing films that depict military recruitment). His opposition quotes at length an article discussing issues with FOIA, which is also irrelevant to his claims. ECF No. 28, at 2-3. These "unnecessary facts not only complicate the exercise of discerning the legal landscape, they also actively prevent

---

[6] Mr. Doe attached to his opposition documents relating to a FOIA request that a nonprofit organization, Military Veterans in Journalism, submitted to the Navy in January 2024. ECF Nos. 28-4, 28-5. This request is apparently "related" to Mr. Doe's request for records about his naval officer commission application, *see* ECF No. 28-1, at 1, but Mr. Doe does not explain how this request connects to his claims. In any event, "it is well established that standing under FOIA is limited to the person who made the initial request." *Feinman v. Fed. Bureau of Investigation*, 680 F. Supp. 2d 169, 172 (D.D.C. 2010).

Defendants from adequately raising certain defenses to the complaint." *Jiggetts*, 319 F.R.D. at 415.

The court will therefore dismiss Mr. Doe's complaint without prejudice and allow him to file an amended complaint that complies with Rule 8 within thirty days. In his amended complaint, Mr. Doe must clearly state a cause of action and facts that support a claim for relief. Specifically, he must identify the FOIA requests at issue in his claims, plead sufficient facts to provide the Navy with notice of the claims against it, and eliminate non-essential factual allegations. If Mr. Doe "files an amended complaint that merely recycles the Complaint presently before the Court[,] it may be dismissed with prejudice." *Hamrick v. United States*, No. 10-CV-857, 2010 WL 3324721, at *1 (D.D.C. Aug. 24, 2010) (internal quotation marks omitted); *see Brown*, 164 F. Supp. 3d at 35.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the Navy's Motion to Dismiss, ECF No. 25, is **GRANTED**, Mr. Doe's complaint, ECF No. 1, is **DISMISSED** without prejudice, and Mr. Doe is granted leave to file an amended complaint that complies with Federal Rule of Civil Procedure 8 on or before April 8, 2026. It is further **ORDERED** that the Navy's Motion for a More Definite Statement, ECF No. 26, is **DENIED** as moot, and Mr. Doe's Renewed Motion to Seal and Clarification on Timing, ECF No. 33, is **DENIED**.

**SO ORDERED.**

_____
LOREN L. ALIKHAN
United States District Judge

Date:   March 9, 2026