**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**


John Doe

PLAINTIFF


VS.                                                          CASE NO.   1:24-cv-03403-LLA

Department of the Navy

DEFENDANT(S)


**Plaintiff's opposition to John Roe's motion to intervene/unseal**

Dear Judge AliKhan, hope you have been well. When plaintiff watched episode 1 of streaming platform Netflix's latest *The American Experiment* a few weeks ago,[1] they accidentally learned even the Founding Father young George Washington had badly wanted a commission from His Majesty George II as a regular British officer and the denial affected him greatly, leading him to cause an international incident and the Seven Years' War where hundreds of thousands' lives were lost.[2] They then saw the latest movie *Young Washington* on "America's 250" July 3rd weekend,[3] which stars the 22-year-old William Franklyn-Miller as the lead actor to re-enact the Battle of Jumonville Glen on May 28, 1754.[4] It seems we have managed to know about a lot of these materials, because the Founding Father had kept diaries. This kinda echoes why they had to do this lawsuit, which is to get the materials so that one day they could also perhaps write their diaries.

But before that happens, let's get to the mysterious John Roe's Motion to Intervene/Unseal

---

[1] https://www.netflix.com/tudum/articles/the-american-experiment-documentary-release-date-news
[2] https://en.wikipedia.org/wiki/Seven_Years%27_War
[3] https://en.wikipedia.org/wiki/Young_Washington
[4] https://en.wikipedia.org/wiki/Battle_of_Jumonville_Glen

and Proceed under Pseudonym (ECF No. 44, 45). The fact that Roe's motion was itself under seal makes it very hard for the plaintiff to rebut their basis to intervene. All plaintiff can see is, "this document is not available" on PACER. On plaintiff's first guess, based on observations from other cases, Roe lacks "intervention of right" under Federal Rule of Civil Procedure 24(a)(2) which the court must permit. "A party seeking to intervene as of right must demonstrate that it has standing under Article III of the Constitution." See Fund For Animals, Inc. v. Norton, 322 F.3d 728 (D.C. Cir. 2003), though it doesn't address FRCP rule 24(b) "permissive intervention."

But FRCP 24(b)(1) is really clear, specifically (b)(1)(B) requires the intervenor to have a claim or defense that shares a common question of law or fact with the main action. If the third party is merely "curious" and has no legal stake in the actual dispute, the intervention is a fishing expedition. The fact that Mr. Roe knew how to prepare the proposed order in one fell swoop seems to indicate he is a lawyer potentially with the guise of citing the First Amendment that is not absolute.

FRCP 24(b)(3) is also very clear, "Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Here, because Your Honor had to spend extra time to entertain Mr. Roe's request instead of ruling on the fundamental merits of the case, plaintiff's rights have been unduly delayed or prejudiced, pushing the FOIA records to be requested further at risk of being deleted by the Navy. Rule 24(b)(2) also does not apply.

Nor can plaintiff tell whether the intervenor has cited the six Hubbard factors in United States v. Hubbard, 650 F.2d 292 (D.C. Cir. 1980) to unseal. Roe doesn't need filings 2, 3, 5, 8, 15, 30, 31, 33, and unredact redactions to those filings to understand what the case is about. On the other hand, Roe abused the general presumption of public court proceedings to hide himself from any scrutiny. This is very convenient.

Plaintiff has also learned one interesting journal article The Law of Pseudonymous

2

Litigation, 73 Hastings L.J. 1353 (2022) that has a whole Section III Rebutting the presumption of non-pseudonymity,[5] such as

(1) reasonable fear of physical harm or other extraordinary retaliation and reasonable fear of mental, emotional, or psychological harm. Plaintiff is as alien to America as President Washington was to Great Britain. And they likely won't survive like Mr. Washington did to be a victor to tell such a beautiful story.

(2) Privacy as to "sensitive and highly personal" "stigmatized" matters, specifically mental illness or disorder (see Doe v. Sessions, No. 18-cv-0004-RC, 2018 WL 4637014, at *4 (D.D.C. Sept. 27, 2018) ("Asperger's Syndrome, Acute Stress Disorder, Panic Disorder, [PTSD], and anxiety").

(3) What has probably been unwritten before is reputational harm / risk of economic retaliation. We won't know how the 2026-2027 term of the conservative Supreme Court will rule on cases like Susman Godfrey LLP v. Executive Office of the President (25-5310), Perkins Coie LLP v. DOJ (25-5241), Jenner & Block LLP v. DOJ (25-5265), Wilmer Cutler Pickering Hale and Dorr LLP v. Executive Office of the President (25-5277) where it seems the federal government can totally retaliate economically on practicing free speech on Diversity, Equity and Inclusion.

All in all, Mr. Roe's motions simply should not be granted. Many thanks and best regards.

Dated: Queens, New York
   August 11, 2026

---

[5] https://uclawjournal.org/wp-content/uploads/7.-Volokh_Final.pdf

Respectfully submitted

By:    /s/ John Doe
       John Doe
       Plaintiff Pro Se
       8808 Justice Ave, Apt
       9J
       Elmhurst, NY 11373

4